JAFFE & ASHER LLP
600 Third Avenue
New York, New York 10016
(212) 687-3000
Attorneys for Defendant
Gregory E. Galterio (GEG-0787)
Ira N. Glauber (ING-8383)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FCS ADVISORS, INC. d/b/a BREVET            Docket No. 07 CIV 6456 (DC)
CAPITAL ADVISORS,

                         Plaintiff,            **ANSWER AND COUNTERCLAIM**

      -against-

FAIR FINANCE COMPANY, INC.,

                         Defendant.
------------------------------------------------------------X

      Defendant Fair Finance Company, Inc. ("FairFin"), by its attorneys Jaffe & Asher LLP, and as for its Answer and Counterclaim against FCS Advisors, Inc. d/b/a Brevet Capital Advisors ("Brevet"), alleges as follows:

## INTRODUCTION

1.     Denies the allegations contained in paragraph 1 of the complaint.

## PARTIES

2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.     Admits the allegations contained in paragraph 3 of the complaint.

## JURISDICTION AND VENUE

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Admits the allegations contained in paragraph 5 of the complaint.

## FACTUAL BACKGROUND

6. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 6 of the complaint as stated.

7. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 7 of the complaint as stated.

8. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 8 of the complaint as stated.

9. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 9 of the complaint as stated.

10. Denies the allegations contained in paragraph 10 of the complaint.

11. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 11 of the complaint as stated.

12. Denies the allegations contained in paragraph 12 of the complaint.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint.

16. Denies the allegations contained in paragraph 16 of the complaint, except admits that FairFin did not proceed with the proposed transaction outlined in the Letter.

17. Denies the allegations contained in paragraph 17 of the complaint, except admits that Brevet wrote a letter to FairFin dated July 12, 2007, and refers to the aforesaid letter for a full and complete statement of its contents.

18. Denies the allegations contained in paragraph 18 of the complaint, except admits that Brevet wrote a letter to FairFin dated July 12, 2007, and refers to the aforesaid letter for a full and complete statement of its contents.

19. Denies the allegations contained in paragraph 19 of the complaint, except admits that FairFin's counsel wrote a letter to Brevet dated July 13, 2007, and refers to the aforesaid letter for a full and complete statement of its contents.

20. Denies the allegations contained in paragraph 20 of the complaint, except admits that FairFin consummated a transaction with a lender other than Brevet.

## ANSWERING THE FIRST CLAIM FOR RELIEF

21. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this answer with the same force and effect as if set forth fully at length herein.

22. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 22 of the complaint as stated.

23. Denies the allegations contained in paragraph 23 of the complaint.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Denies the allegations contained in paragraph 25 of the complaint.

26. Denies the allegations contained in paragraph 26 of the complaint, except admits that FairFin consummated a transaction with a lender other than Brevet.

27. Denies the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in paragraph 28 of the complaint.

29. Denies the allegations contained in paragraph 29 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint is barred by the statute of frauds.

### THIRD AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint is barred by plaintiff's acts of fraud and fraudulent inducement.

## FACTS UNDERLYING FAIRFIN'S COUNTERCLAIM

1. At all relevant times hereinafter mentioned, counterclaimant FairFin was and is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at 815 East Market Street, Akron, Ohio.

2. Upon information and belief, at all relevant times hereinafter mentioned, counterclaim defendant Brevet was and is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 666 Third Avenue, New York, New York.

3. FairFin and Brevet entered into the Letter on or about June 1, 2007.

4. At the time the Letter was executed, FairFin had an outstanding offer from a third party (the "Third Party Offer") to purchase certain of FairFin's receivables (the "Receivables").

5. Pursuant to paragraph 7 of the Letter, FairFin granted Brevet a right of first refusal (the "Right of First Refusal") to: (a) purchase the Receivables on or before June 29, 2007 on the same terms and conditions as the Third Party Offer; (b) close upon the loan facility as described in paragraphs 1 through 6 of the Letter; or (c) close upon an alternative bridge loan with terms and conditions mutually acceptable to both parties.

6. Pursuant to paragraph 7 of the Letter, the Right of First Refusal expired on June 15, 2007.

7. Brevet failed to timely exercise the Right of First Refusal on or before June 15, 2007, or at any time thereafter.

8. In addition to failing to exercise the Right of First Refusal, Brevet was at all times unable to perform or consummate any of the alternative transactions contemplated under the Right of First Refusal as described in paragraph 7 of the Letter through no fault of FairFin.

9. Upon information and belief, at all relevant times, including the time of execution of the Letter, Brevet knew or should have known that it would be unable to timely exercise the Right of First Refusal, or to timely perform or consummate any of the alternative transactions contemplated thereunder.

10. As a result of its inability and failure to exercise the Right of First Refusal, as well as its inability and failure to perform or consummate any of the alternative transactions contemplated under the Right of First Refusal, FairFin has no obligations to Brevet under the Letter, and no fee of any kind or nature is owed by FairFin to Brevet thereunder.

## **FIRST COUNTERCLAIM**

11. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this counterclaim with the same force and effect as if set forth fully at length herein.

12. Pursuant to the Letter, Brevet had a duty of good faith and to act fairly in connection with its dealings with FairFin.

13. Pursuant to paragraph 8 of the Letter, FairFin advanced: (a) the sum of $50,000 to Brevet as an initial deposit against the costs of due diligence (the "Due Diligence Expense Deposit"); and (b) the sum of $100,000 to Brevet for a work fee (the "Due Diligence Work Deposit").

14. Pursuant to paragraph 8 of the Letter, Brevet is obligated to repay FairFin any unused portion of the Due Diligence Expense Deposit.

15. Upon information and belief, Brevet failed to utilize some or all of the Due Diligence Expense Deposit and/or Brevet charged improper and/or unreasonable expenses against the Due Diligence Deposit.

16. To date, Brevet has failed and refused to return to FairFin any portion of the Due Diligence Expense Deposit.

17. Upon information and belief, the work, labor, and services actually rendered and/or expended by Brevet in connection with its due diligence activities under the Letter was minimal.

18. Upon information and belief, the work, labor, and services actually rendered and/or expended by Brevet in connection with its due diligence activities under the Letter was grossly disproportionate to what the parties in good faith reasonably contemplated at the time of execution, and therefore grossly disproportionate to the amount of the Due Diligence Work Deposit.

19. To date, Brevet has failed and refused to return to FairFin any portion of the Due Diligence Work Deposit.

20. The aforesaid acts of Brevet constitute a breach of the express terms of the Letter, as well as a breach of Brevet's duty of good faith and fair dealing under the Letter.

21. It would be unjust and inequitable for Brevet to retain any portion of the Due Diligence Expense Deposit or the Due Diligence Work Deposit, and Brevet should be required to repay and disgorge the entire amount thereof.

22. By reason of the foregoing, FairFin is entitled to judgment against Brevet for breach of contract in the amount of $150,000.

**WHEREFORE**, FairFin demands judgment dismissing the complaint in its entirety, awarding it the sum of $150,000 on its counterclaim, together with prejudgment interest, costs

and reasonable attorneys' fees, and granting such other and further relief as the court deems just and equitable.

Dated: New York, New York
September 7, 2007

JAFFE & ASHER LLP

By: _____
Gregory E. Galterio
Ira N. Glauber
600 Third Avenue, Ninth Floor
New York, New York 10016
(212) 687-3000
Attorneys For Defendant and
Counterclaim Plaintiff

TO:   BARTON BARTON & PLOTKIN
      420 Lexington Avenue
      New York, NY 10170
      (212) 687-6262
      Attorneys for Plaintiff and
      Counterclaim Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FCS ADVISORS, INC. d/b/a BREVET      Docket No. 07 CIV 6456 (DC)
CAPITAL ADVISORS,

                     Plaintiff,         **AFFIDAVIT OF SERVICE**

       -against-

FAIR FINANCE COMPANY, INC.,

                     Defendant.
-----------------------------------------------------------X

STATE OF NEW YORK        )
                                     ) SS.:
COUNTY OF NEW YORK      )

       Carmen Jeanty, being duly sworn deposes and says:

       1.      I am not a party to this action, am over eighteen years of age and reside in New York, New York.

       2.      On September 7, 2007, I served a true copy of the annexed **ANSWER AND COUNTERCLAIM** by mailing same via Regular U.S. Mail, in a sealed envelope, with postage pre-paid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed as indicated below:

                         Barton Barton & Plotkin
                         420 Lexington Avenue
                         New York, New York 10170
                         Attorneys for Plaintiff and
                         Counterclaim Defendant

                                                  _____
                                                  Carmen Jeanty

Sworn to before me this
7th day of August 2007

_____
NOTARY PUBLIC

          MARK MONACK
   Notary Public, State of New York
               No. ...
               Qual...
   Commission Expires ... 2010