JAFFE & ASHER LLP
600 Third Avenue
New York, New York 10016
(212) 687-3000
Attorneys for Defendant
Gregory E. Galterio (GEG-0787)
Ira N. Glauber (ING-8383)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FCS ADVISORS, INC. d/b/a BREVET      Docket No. 07 CIV 6456 (DC)
CAPITAL ADVISORS,

                       Plaintiff,      **ANSWER TO THE AMENDED**
                                         **COMPLAINT AND COUNTERCLAIM**
       -against-      **AND DEMAND FOR A JURY**

FAIR FINANCE COMPANY, INC.,

                       Defendant.
-----------------------------------------------------------X

      Defendant Fair Finance Company, Inc. ("FairFin"), by its attorneys Jaffe & Asher LLP, and as for its Answer to the Amended Complaint of FCS Advisors, Inc. d/b/a Brevet Capital Advisors ("Brevet"), alleges as follows:

### INTRODUCTION

1.    Denies the allegations contained in paragraph 1 of the complaint.

2.    Denies the allegations contained in paragraph 2 of the complaint.

### PARTIES

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.    Admits the allegations contained in paragraph 4 of the complaint.

## JURISDICTION AND VENUE

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Admits the allegations contained in paragraph 6 of the complaint.

## FACTUAL BACKGROUND

7. Admits the allegations of paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, except admits that the parties began negotiations.

9. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 9 of the complaint as stated.

10. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 10 of the complaint as stated.

11. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 11 of the complaint as stated.

12. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 12 of the complaint as stated.

13. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 13 of the complaint as stated.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Admits the allegations contained in paragraph 15 of the complaint.

16. Admits the allegations contained in paragraph 16 of the complaint.

17. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 17 of the complaint as stated.

18. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 18 of the complaint as stated.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint, and avers that the letter terminated pursuant to its own terms and conditions and by application of law.

21. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 21 of the complaint as stated.

22. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 22 of the complaint as stated.

23. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 23 of the complaint as stated.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 25 of the complaint as stated.

26. Denies the allegations contained in paragraph 26 of the complaint.

27. Denies the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in paragraph 28 of the complaint.

29. Denies the allegations contained in paragraph 29 of the complaint, except admits that the Textron deadline was extended from July 7 to 20, 2007.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. **Admits that on June 27, 2007 FairFin corresponded with Brevet, refers to that correspondence for a full and complete statement of its contents, and otherwise denies the allegations contained in paragraph 31 of the complaint as stated.**

32. Denies the allegations contained in paragraph 32 of the complaint.

33. Denies the allegations contained in paragraph 33 of the complaint.

34. Denies the allegations contained in paragraph 34 of the complaint.

35. Denies the allegations contained in paragraph 35 of the complaint.

36. Denies the allegations contained in paragraph 36 of the complaint.

37. Denies the allegations contained in paragraph 37 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint.

39. Admits that it received correspondence from Brevet on or about July 12, 2007, but denies the accuracy of the contents of that correspondence, and otherwise denies the allegations contained in paragraph 39 of the complaint as stated.

40. Admits that it received correspondence from Brevet on or about July 12, 2007, but denies the accuracy of the contents of that correspondence, and otherwise denies the allegations contained in paragraph 40 of the complaint as stated.

41. Admits that it sent correspondence to Summit on or about July 13, 2007, refers to that correspondence for a true and accurate statement of its contents, and otherwise denies the allegations contained in paragraph 41 of the complaint as stated.

42. Admits that it sent correspondence to Brevet on or about July 13, 2007, refers to that correspondence for a true and accurate statement of its contents, and otherwise denies the allegations contained in paragraph 42 of the complaint as stated.

43. Denies the allegations contained in paragraph 43 of the complaint.

44. Denies the allegations contained in paragraph 44 of the complaint, except admits that, on or about July 20, 2007, FairFin closed a receivables purchase transaction with Summit

45. Denies the allegations contained in paragraph 45 of the complaint.

46. Denies the allegations contained in paragraph 46 of the complaint.

47. Denies the allegations contained in paragraph 47 of the complaint, except admits that the $200,000 was not paid.

48. Denies the allegations contained in paragraph 48 of the complaint, and refers to the closing documents for the transaction that FairFin consummated with Fortress in February 2008 for a true, complete and accurate statement of its terms.

49. Denies the allegations contained in paragraph 49 of the complaint, and refers to the closing documents for the transaction that FairFin consummated with Fortress in February 2008 for a true, complete and accurate statement of its terms.

50. Denies the allegations contained in paragraph 50 of the complaint.

51. Denies the allegations contained in paragraph 51 of the complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

52. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this answer with the same force and effect as if set forth fully at length herein.

53. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 53 of the complaint as stated.

54. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 54 of the complaint as stated.

55. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 55 of the complaint as stated.

56. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 56 of the complaint as stated.

57. Denies the allegations contained in paragraph 57 of the complaint.

58. Denies the allegations contained in paragraph 58 of the complaint, except admits that FairFin closed the Summit transaction in July 2007.

59. Denies the allegations contained in paragraph 59 of the complaint, except admits that FairFin closed the Fortress transaction in February 2008.

60. Denies the allegations contained in paragraph 60 of the complaint.

61. Denies the allegations contained in paragraph 61 of the complaint.

62. Denies the allegations contained in paragraph 62 of the complaint.

63. Denies the allegations contained in paragraph 63 of the complaint, except admits that payment was not made.

64. Denies the allegations contained in paragraph 64 of the complaint.

**ANSWERING THE SECOND CLAIM FOR RELIEF**

65. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 64 of this answer with the same force and effect as if set forth fully at length herein.

66. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 66 of the complaint as stated.

67. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 67 of the complaint as stated.

68. Admits the allegations contained in paragraph 68 of the complaint.

69. Denies the allegations contained in paragraph 69 of the complaint.

70. Denies the allegations contained in paragraph 70 of the complaint.

71. Denies the allegations contained in paragraph 71 of the complaint, except admits that payment was not made.

72. Denies the allegations contained in paragraph 72 of the complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF

73. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 72 of this answer with the same force and effect as if set forth fully at length herein.

74. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 74 of the complaint as stated.

75. Denies the allegations contained in paragraph 75 of the complaint.

76. Denies the allegations contained in paragraph 76 of the complaint.

77. Denies the allegations contained in paragraph 77 of the complaint.

78. Denies the allegations contained in paragraph 78 of the complaint.

### ANSWERING THE FOURTH CLAIM FOR RELIEF

79. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 78 of this answer with the same force and effect as if set forth fully at length herein.

80. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 80 of the complaint as stated.

81. Admits that the parties executed the Letter, refers to the Letter for a full and complete statement of its terms and conditions, and otherwise denies the allegations contained in paragraph 81 of the complaint as stated.

82. Denies the allegations contained in paragraph 82 of the complaint.

83. Denies the allegations contained in paragraph 83 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exercise its Right of First Refusal by June 15, 2007, and therefore it is not entitled to any break-up fee whatsoever under paragraph 7 of the Letter Agreement. Even if the Court finds that plaintiff did exercise the Right of First Refusal, the maximum break-up fee to which plaintiff is entitled under the handwritten portion of paragraph 7 of the Letter Agreement is $200,000 because plaintiff did not close on a transaction acceptable to defendant by July 6, 2007.

## THIRD AFFIRMATIVE DEFENSE

Defendant was free to consummate the deal with Fortress in February 2008 because the Letter Agreement terminated when plaintiff failed to consummate a deal with defendant by the July 6, 2007 deadline.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred as a result of plaintiff's failure to satisfy conditions precedent under the Letter including, without limitation, plaintiff's failure to exercise its right of first refusal and plaintiff's failure to consummate a transaction acceptable to defendant on or before July 6, 2007.

## FIFTH AFFIRMATIVE DEFENSE

The complaint is barred by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The complaint is barred by plaintiff's acts of misrepresentation, fraud and fraudulent inducement.

## FACTS UNDERLYING FAIRFIN'S COUNTERCLAIM

1.  At all relevant times hereinafter mentioned, counterclaimant FairFin was and is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located in Akron, Ohio.

2.  Upon information and belief, at all relevant times hereinafter mentioned, counterclaim defendant Brevet was and is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 666 Third Avenue, New York, New York.

3.  FairFin and Brevet entered into the Letter on or about June 1, 2007.

4.  At the time the Letter was executed, FairFin had an outstanding offer from a third party (the "Third Party Offer") to purchase certain of FairFin's receivables (the "Receivables").

5.  Pursuant to paragraph 7 of the Letter, FairFin granted Brevet a right of first refusal (the "Right of First Refusal") to: (a) purchase the Receivables on or before June 29, 2007 on the same terms and conditions as the Third Party Offer; (b) close upon the loan facility as

described in paragraphs 1 through 6 of the Letter; or (c) close upon an alternative bridge loan with terms and conditions mutually acceptable to both parties.

6. Pursuant to paragraph 7 of the Letter, the Right of First Refusal expired on June 15, 2007.

7. Brevet failed to timely and properly exercise the Right of First Refusal on or before June 15, 2007, or at any time thereafter, in that it did not specify prior to July 15, 2007 whether it intended to purchase receivables, close upon a loan facility, or provide a bridge loan.

8. In addition to failing to exercise the Right of First Refusal, Brevet was at all times unable to timely perform or consummate any of the alternative transactions contemplated under the Right of First Refusal as described in paragraph 7 of the Letter through no fault of FairFin.

9. Upon information and belief, at all relevant times, including the time of execution of the Letter, Brevet knew or should have known that it would be unable to timely exercise the Right of First Refusal, or to timely perform or consummate any of the alternative transactions contemplated thereunder.

10. As a result of its inability and failure to timely exercise the Right of First Refusal, as well as its inability and failure to timely perform or consummate any of the alternative transactions contemplated under the Right of First Refusal, FairFin has no obligations to Brevet under the Letter, and no fee of any kind or nature is owed by FairFin to Brevet thereunder.

### FIRST COUNTERCLAIM

11. FairFin repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this counterclaim with the same force and effect as if set forth fully at length herein.

12. Pursuant to the Letter, Brevet had a duty of good faith and fair dealing to act fairly in connection with its dealings with FairFin.

13. Pursuant to paragraph 8 of the Letter, FairFin advanced: (a) the sum of $50,000 to Brevet as an initial deposit against the costs of due diligence (the "Due Diligence Expense Deposit"); and (b) the sum of $100,000 to Brevet for a work fee (the "Due Diligence Work Deposit").

14. Pursuant to paragraph 8 of the Letter, Brevet is obligated to repay FairFin any unused portion of the Due Diligence Expense Deposit.

15. Upon information and belief, Brevet failed to utilize some or all of the Due Diligence Expense Deposit and/or Brevet charged improper and/or unreasonable expenses against the Due Diligence Expense Deposit.

16. To date, Brevet has failed and refused to return to FairFin any portion of the Due Diligence Expense Deposit.

17. Upon information and belief, the work, labor, and services actually rendered and/or expended by Brevet in connection with its due diligence activities under the Letter was minimal.

18. Upon information and belief, the work, labor, and services actually rendered and/or expended by Brevet in connection with its due diligence activities under the Letter was grossly disproportionate to what the parties in good faith reasonably contemplated at the time of execution, and therefore grossly disproportionate to the amount of the Due Diligence Work Deposit.

19. To date, Brevet has failed and refused to return to FairFin any portion of the Due Diligence Work Deposit.

20. The aforesaid acts of Brevet constitute a breach of the express terms of the Letter, as well as a breach of Brevet's duty of good faith and fair dealing under the Letter.

21. It would be unjust and inequitable for Brevet to retain any portion of the Due Diligence Expense Deposit or the Due Diligence Work Deposit, and Brevet should be required to repay and disgorge the entire amount thereof.

22. By reason of the foregoing, FairFin is entitled to judgment against Brevet for breach of contract in the amount of $150,000.

## DEMAND FOR A JURY

Pursuant to Fed. R. Civ. P. 38(b), defendant Fair Finance Company, Inc., by its attorneys Jaffe & Asher LLP, hereby demands a jury trial on all issues triable by a jury.

**WHEREFORE**, FairFin demands judgment dismissing the complaint in its entirety, awarding it the sum of $150,000 on its counterclaim, together with prejudgment interest, costs and reasonable attorneys' fees, and granting such other and further relief as the court deems just and equitable.

Dated: New York, New York
July 11, 2008

JAFFE & ASHER LLP

By: _____
Gregory E. Galterio (GEG-0787)
Ira N. Glauber (ING-8383)
600 Third Avenue, Ninth Floor
New York, New York 10016
(212) 687-3000
Attorneys for Defendant
Fair Finance Company, Inc.

TO: BARTON BARTON & PLOTKIN
420 Lexington Avenue
New York, NY 10170
(212) 687-6262
Attorneys for Plaintiff
FCS Advisors, Inc. d/b/a
Brevet Capital Advisors