```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
FCS ADVISORS, INC. d/b/a BREVET     :
CAPITAL ADVISORS,                   :
                                    :
                Plaintiff,          :            ORDER
                                    :
        - against -                 :            07 Civ. 6456 (DC)
                                    :
FAIR FINANCE COMPANY, INC.,         :
                                    :
                Defendant.          :
                                    :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**CHIN, District Judge**

        On May 20, 2009, I granted the motion by plaintiff FCS Advisors, Inc. d/b/a Brevet Capital Advisors ("Brevet") for summary judgment against defendant Fair Finance Company, Inc. ("FairFin") and awarded Brevet $1,531,371.75. On May 22, 2009, Brevet wrote to the Court requesting, pursuant to Federal Rule of Civil Procedure 59(e), amendment of the judgment to include pre- and postjudgment interest. FairFin responded on May 29, 2009, and Brevet replied on June 5, 2009. I now rule as follows:

        As to prejudgment interest, the parties agree that Brevet is entitled to prejudgment interest at the rate of 9% per annum -- the rate specified in N.Y.C.P.L.R. § 5004 -- accruing from July 11, 2007 through May 20, 2009, for a total amount of $176,947.11. The judgment will therefore be amended to include $176,947.11 in prejudgment interest.

        As to postjudgment interest, the parties agree that Brevet is entitled to postjudgment interest, but disagree as to the interest rate. FairFin argues that interest should be

calculated based on the federal rate, as set forth in 28 U.S.C. § 1961(a), which provides in relevant part as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Brevet argues that, because the contract at issue in this case provided that New York law would govern, the New York rate of 9% should govern.

Brevet is correct. While it is true, as FairFin points out, that there is a split of authority in this District as to whether the federal or state rate applies in a diversity action, see Lankler Siffert & Wohl, LLP v. Rossi, No. 02 Civ. 10055 (RWS), 2004 U.S. Dist. LEXIS 4241, at **14-15 (S.D.N.Y. Mar. 19, 2004) (discussing split), where the contract contains a choice-of-law provision, courts award postjudgment interest based on the designated law. See, e.g., Inter-Ocean Indus. v. Nasser, No. 02 Civ. 8499 (RLE), 2003 U.S. Dist. LEXIS 11700, at **5-6 (S.D.N.Y. July 2, 2003) (awarding postjudgment interest at New York rate where contract contained New York choice-of-law provision); Irving R. Boody & Co. v. Win Holdings Int'l, Inc., 213 F. Supp. 2d 378, 383 (S.D.N.Y. 2002) (same). Accordingly, because the contract between FairFin and Brevet was governed by New York law, the New York interest rate of 9% per annum shall apply.

For the foregoing reasons, Brevet's motion to amend the judgment is granted. Brevet is entitled to prejudgment interest in the amount of $176,947.11 and postjudgment interest to be calculated by the Clerk of Court at a rate of 9% per annum from May 20, 2009 until the entry of the amended judgment, and interest shall continue to accrue thereafter until payment of the award. The Clerk of Court shall amend the judgment accordingly.

SO ORDERED.

Dated: New York, New York
June 9, 2009

DENNY CHIN
United States District Judge